**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**State of West Virginia,**
**Plaintiff Below, Respondent**

**FILED**

October 21, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**vs) No. 13-0131** (Berkeley County 12-F-125)

**Sherman B. Williams,**
**Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Sherman B. Williams, by counsel William DeHaven, appeals the Circuit Court of Berkeley County's December 20, 2012 sentencing order. The State of West Virginia, by counsel Cheryl Saville, filed a response. On appeal, petitioner alleges that the circuit court erred in denying his motion for judgment of acquittal because the evidence was insufficient to support his convictions.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

On December 4, 1997, petitioner was convicted on one count of second degree kidnapping in Sussex County, Delaware and sentenced to a term of incarceration for six years. Additionally, petitioner was required to register as a sex offender under Delaware law. Petitioner subsequently lived in Maryland and, according to the State of West Virginia, then moved to Berkeley County, West Virginia. On May 22, 2012, a Berkeley County Grand Jury indicted petitioner on a single count of felony failure to register as a sex offender in violation of West Virginia Code § 15-12-8(c). The indictment was based upon allegations that petitioner failed to register with the West Virginia State Police within ten business days of moving to the State of West Virginia. Following a three-day trial, petitioner was convicted of one count of failure to register as a sex offender and sentenced to a term of incarceration of one to five years.

Upon our review, the Court finds no error in regard to the circuit court denying petitioner's motion for judgment of acquittal. We have previously held that "[t]he Court applies a de novo standard of review to the denial of a motion for judgment of acquittal based upon the sufficiency of the evidence." *State v. Juntilla*, 227 W.Va. 492, 497, 711 S.E.2d 562, 567 (2011) (quoting *State v. LaRock*, 196 W.Va. 294, 304, 470 S.E.2d 613, 623 (1996)). As such, we note that

1

"[a] criminal defendant challenging the sufficiency of the evidence to support a conviction takes on a heavy burden. An appellate court must review all the evidence, whether direct or circumstantial, in the light most favorable to the prosecution and must credit all inferences and credibility assessments that the jury might have drawn in favor of the prosecution. The evidence need not be inconsistent with every conclusion save that of guilt so long as the jury can find guilt beyond a reasonable doubt. Credibility determinations are for a jury and not an appellate court. Finally, a jury verdict should be set aside only when the record contains no evidence, regardless of how it is weighed, from which the jury could find guilt beyond a reasonable doubt. To the extent that our prior cases are inconsistent, they are expressly overruled." Syl. Pt. 3, *State v. Guthrie*, 194 W.Va. 657, 461 S.E.2d 163 (1995).

Syl. Pt. 4, *State v. Messer*, 223 W.Va. 197, 672 S.E.2d 333 (2008). Petitioner argues that the State failed to prove that he was a resident of the State of West Virginia. Petitioner asserts that he resided in Maryland and merely traveled back and forth between Maryland and Martinsburg, West Virginia, where he was receiving medical treatment at the Veterans Administration Hospital. Petitioner argues that the State presented six witnesses who only offered inferences in an attempt to prove he was a resident of West Virginia. Petitioner argues that the State is required "to do more than pile inference upon inference" to prove an element of the crime pursuant to *State v. Cummings*, 220 W.Va. 433, 440, 647 S.E.2d 869, 876 (2007).

Upon our review, the Court finds that the evidence was sufficient to support petitioner's conviction. The State offered the testimony of five witnesses to establish that petitioner was a resident of West Virginia. Earl Woodard, records manager of the Montgomery County Department of Correction and Rehabilitation in Rockville, Maryland, testified that petitioner listed a West Virginia address as his primary address on his intake form and later confirmed that address upon his discharge.[1] Sergeant Carl Mahood of the West Virginia State Police testified that petitioner's name was located on the mailbox of the address provided to him by Montgomery County, Maryland. David Wilt, manager of the apartment complex at the address petitioner provided, testified that petitioner acknowledged living at the same West Virginia address and to paying rent to the lessee by working on the lessee's automobiles. Blair Miller, petitioner's friend, testified that she lived with petitioner for a period of time at the same West Virginia address. Additionally, petitioner acknowledged on cross-examination that upon his release from the detention center in Maryland he gave a West Virginia address, that he received his Social Security Disability check and medical treatment information at the same West Virginia address he provided to the detention center, and that he has a West Virginia identification card. It is clear that the State met its burden of proof and the evidence was sufficient to support petitioner's conviction.

---

[1]Petitioner was incarcerated for an unknown amount of time in Maryland for an unrelated crime.

For the foregoing reasons, petitioner's conviction and the circuit court's December 20, 2012 sentencing order are hereby affirmed.

Affirmed.

**ISSUED**:  October 21, 2013

**CONCURRED IN BY**:

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

3